# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: _____

TAMMIE CARTER, on behalf of herself and all others similarly situated,

    Plaintiff,

v.

NOODLES & COMPANY, a Delaware Corporation,

    Defendant.

_____

## COMPLAINT AND JURY DEMAND
_____

Plaintiff Tammie Carter f/k/a Tammie Babb ("Plaintiff"), on behalf of herself and all others similarly situated, complains as follows:

## INTRODUCTION

This action is brought on behalf of all assistant general managers, assistant restaurant managers, and individuals holding comparable positions with different titles (collectively, "AGMs") employed by Defendant Noodles & Company ("Defendant" or "Noodles") at its company-owned restaurants within the United States. Defendant misclassified AGMs as exempt under federal and state overtime laws, and failed to pay them overtime compensation.

## NATURE OF THE ACTION

1. Plaintiff alleges on behalf of herself and other current and former AGMs who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) (the "Collective Action Class"), that they are: (i) entitled to unpaid wages from Defendant

for all hours worked by them and overtime premium pay as required by law, and (ii) entitled to liquidated damages and attorneys' fees pursuant to the FLSA.

2. Plaintiff further complains, pursuant to Fed. R. Civ. P. 23, on behalf of herself and a class of similarly situated current and former AGMs (the "Colorado Class") that are entitled to overtime compensation required by, and pursuant to the requirements of, the applicable Colorado Wage Order set forth at 7 CCR § 1103-1 ("Colorado Wage Order").

## JURISDICTION AND VENUE

3. Jurisdiction over Plaintiff's FLSA claims is based upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1332(d)(2)(A), the Class Action Fairness Act ("CAFA"). The parties are diverse and the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

5. Upon information and belief, at least one member of the proposed Colorado Class is a citizen of a state different from that of the Defendant and at least one member of the proposed class has claims whose value exceeds $75,000 including damages, statutory damages, and fees and costs.

6. Plaintiff's claims involve matters of national or interstate interest.

7. Defendant is subject to personal jurisdiction in Colorado.

8. This Court also has jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367 because it is so related to her FLSA claim that it forms part of the same case or controversy.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial

part of the events or omissions giving rise to the claims occurred in this District.

## THE PARTIES

10. Plaintiff was, at all relevant times, an adult individual residing in Colorado Springs, Colorado.

11. Plaintiff was employed by Defendant from about December 1, 2011 to February 5, 2016. Plaintiff was initially employed as a shift manager but was then named as an AGM in January 2015. Plaintiff worked as an AGM at Defendant's stores 127 and 130 in Colorado Springs, Colorado.

12. Plaintiff worked in excess of forty (40) hours per workweek, without receiving wages from Defendant for all hours worked by her as well as overtime compensation as required by federal and state laws.

13. Upon information and belief, Defendant is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Broomfield, Colorado.

## COLLECTIVE ACTION ALLEGATIONS

14. Pursuant to 29 U.S.C. § 207, Plaintiff seeks to prosecute her FLSA claims as an "opt-in" collective action on behalf of all persons who are or were employed by Defendant in the United States at any time in the last three (3) years to the entry of judgment in this case (the "Collective Action Period") as AGMs and who were classified as exempt by Defendant, who did not receive compensation for all hours worked by them, and who were not paid the legally required overtime wages (the "Collective Action Members").

15. This Collective Action Class is so numerous that joinder of all members is

impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number is dependent are presently within the sole control of the Defendant, upon information and belief, there are at least 500 members of the Collective Action Class during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims.

16. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel who are experienced and competent in the fields of wage and hour law and class action litigation. Plaintiff has no interest that is contrary to or in conflict with the members of this collective action.

17. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all members is impracticable. Furthermore, because the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for Collective Action Members to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

18. Collective Action Members are similarly situated because, among other things, they shared common job duties and descriptions and were all victims of the same company-wide policy that misclassified them as exempt from the overtime requirements of the FLSA, denying the overtime compensation to which they are entitled.

## CLASS ALLEGATIONS

19. Plaintiff sues on her own behalf and on behalf of a class of persons under Rules

23(a), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure.

20. Plaintiff brings her Colorado state law claims on behalf of all persons who were employed by Defendant in the State of Colorado at any time in the last three (3) years to the entry of judgment in this case (the "Class Period"), who held the position of AGM, who were classified as exempt by Defendant, who did not receive compensation from Defendant for all hours worked, and who were not paid the legally required overtime wages (the "Class Members").

21. Class Members identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendant, upon information and belief, there are at least 100 members of the Colorado Class during the Class Period.

22. The claims of Plaintiff are typical of the claims of the Colorado Class. Plaintiff performed the same job as the Class Members. Additionally, Defendant also paid Plaintiff and the Class Members pursuant to the same policy and procedure. Plaintiff and the Class Members were victims of the same wrongful conduct engaged in by Defendant in violation of the Colorado Wage Order.

23. The class action mechanism is superior to any alternatives which might exist for the fair and efficient adjudication of this cause of action. Proceeding as a class action would permit the large number of injured parties to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence, effort, and judicial resources. A class action is the only practical way to avoid the potentially inconsistent results

that numerous individual trials are likely to generate. Moreover, class treatment is the only realistic means by which plaintiffs can effectively litigate against a large, well-represented corporate defendant. Numerous repetitive individual actions would also place an enormous burden on the courts as they are forced to take duplicative evidence and decide the same issues relating to Defendant's conduct over and over again.

24. Defendant has acted or refused to act on grounds generally applicable to the Colorado Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Colorado Class as a whole.

25. Plaintiff is committed to pursuing this action and has retained competent counsel who are experienced in wage and hour law and class action litigation.

26. Plaintiff will fairly and adequately protect the interests of the Class Members;

27. There are questions of law and fact common to the Colorado Class which predominate over any questions solely affecting the individual members of the Colorado Class, including but not limited to:

   a. whether the Defendant employed the members of the Colorado Class within the meaning of the Colorado Wage Order;

   b. whether Defendant's policies and practices described within this Complaint are illegal;

   c. whether Defendant failed to pay the Class Members overtime premiums for all hours worked in excess of forty (40) hours per workweek or twelve (12) hours in a single workday;

   d. what proof of hours worked is sufficient where employers fail in their duty to

      maintain time records;

   e. whether Defendant failed and/or refused to pay the members of the Colorado Class for all of the hours worked by them, as well as premium pay for hours worked in excess of forty (40) hours per workweek and/or twelve (12) hours in a single workday within the meaning of the Colorado Wage Order;

   f. whether Defendant is liable for all damages claimed hereunder, including but not limited to compensatory, statutory, interest, costs and disbursements and attorneys' fees; and

   g. whether Defendant should be enjoined from violating the Colorado Wage Order in the future.

## STATEMENT OF FACTS

28. Defendant owns and operates a chain of fast casual restaurants throughout the United States that offer a variety of noodle dishes, sandwiches, salads, and soups. As of 2016, there are 439 Noodles restaurants, 386 of which are company-owned stores.

29. Plaintiff was employed by Defendant as an AGM from approximately January 6, 2015 to February 5, 2016.

30. Plaintiff's activities while at work included, but were not limited to, bussing tables, cleaning the restaurant, checking to make sure that supplies were properly shelved and/or checking inventory, cashiering, ordering ingredients and store product through a web portal, cooking, and helping customers.

31. Plaintiff's duties did not include the hiring and firing of employees; setting and adjusting employee rates of pay and hours of work; scheduling employees for work shifts; and

planning for or controlling budgeting matters.

33. Plaintiff's work was performed for the benefit of Defendant in the normal course of its business.

33. The work performed by Plaintiff required little skill and no capital investment. Her duties did not include managerial responsibilities or the exercise of independent judgment as to matters of significance. Rather, it involved many insignificant duties and duties identical to hourly staff and other non-exempt positions.

34. On information and belief, Defendant's AGMs perform substantially the same job duties at all of Defendant's locations. For example, Defendant uses the same job description on its website for open AGM positions across the country.

35. Plaintiff routinely worked in excess of forty (40) hours a week, and during many weeks, worked in excess of fifty (50) hours a week. Nonetheless, Defendant willfully failed to pay her overtime compensation of one and one-half times her regular rate of pay in violation of the FLSA and the Colorado Wage Order. Upon information and belief, it is Defendant's uniform policy and procedure not to pay all similarly situated employees for all hours worked by them, as well as overtime compensation.

36. By way of example, during the third week of November 2015, Plaintiff worked at least fifty (50) hours, but Defendant failed to pay her overtime premiums for her work hours over forty (40) hours that week.

37. Defendant has likewise employed other individuals as AGMs that require little skill, no capital investment, and whose duties and responsibilities do not include any managerial responsibilities or the exercise of independent judgment.

8

38. Such individuals have worked in excess of forty (40) hours a week, yet Defendant has likewise willfully failed to pay them for all hours worked as well as overtime compensation of one and one-half times their regular rate of pay in violation of the FLSA and the Colorado Wage Order. As stated, the exact number of such individuals is presently unknown, but is within the sole knowledge of Defendant and can be ascertained through appropriate discovery.

39. Upon information and belief, throughout all relevant time periods, while Defendant employed Plaintiff and the Collective Action Members/the Class Members, Defendant failed to maintain accurate and sufficient time records. Among other things, Defendant did not track whether Plaintiff and other AGMs worked overtime hours and/or took meal or rest periods.

40. Defendant's AGMs are nonexempt under the FLSA and the Colorado Wage Order. Defendant, however, classified, and continues to classify, its AGMs as exempt and, thus, not entitled to receive overtime compensation.

41. Further, Defendant's violation of the FLSA and the Colorado Wage Order is willful. Defendant is well aware of its legal obligation to pay overtime compensation because Defendant employs numerous individuals in its offices to whom Defendant pays overtime premiums.

42. In addition, on information and belief, Defendant's AGMs have complained about the manner in which they have been compensated, including the failure to be paid overtime compensation.

## FIRST CLAIM FOR RELIEF
## <u>FAIR LABOR STANDARDS ACT – COLLECTIVE ACTION</u>

43. Plaintiff incorporates by reference all preceding paragraphs of this Complaint.

44. At all relevant times, Defendant has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

45. At all relevant times, Defendant employed, and/or continues to employ, Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

46. Upon information and belief, at all relevant times, Defendant has had gross revenues in excess of $500,000.

47. Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b). A copy of Plaintiff's written consent is attached hereto at Exhibit 1.

48. At all relevant times, Defendant had a policy and practice of refusing to pay for all hours worked and refusing to pay overtime compensation to their AGMs for hours worked in excess of forty (40) hours per workweek.

49. As a result of Defendant's willful failure to compensate its employees, including Plaintiff and the Collective Action members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, as well as for all hours worked by them, Defendant has violated and, continue to violate, the FLSA.

50. Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA.

51. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

52. Due to Defendant's FLSA violations, Plaintiff, on behalf of herself and the

Collective Action Members, are entitled to recover from Defendant their unpaid wages for all of the hours worked by them as overtime compensation, actual and liquidated damages, including the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, reasonable attorneys' fees, costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

### SECOND CLAIM FOR RELIEF:
### COLORADO WAGE ORDER – CLASS ACTION

53. Plaintiff incorporates by reference all preceding paragraphs of this Complaint.

54. At all relevant times, Plaintiff and the members of the Colorado Class were employed by Defendant within the meaning of the Colorado Wage Order at a food and beverage business.

55. Defendant willfully violated Plaintiff's rights and the rights of the Colorado Class by failing to pay them overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek and/or twelve (12) hours in any one workday in violation of the Colorado Wage Order.

56. Defendant's Colorado Wage Order violations have caused Plaintiff and the Colorado Class irreparable harm for which there is no adequate remedy at law.

57. Plaintiff and the Class Members are entitled to recover from Defendant their unpaid wages for all hours worked, overtime compensation, actual and liquidated damages, including the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, reasonable attorneys' fees, costs and disbursements of this action, pursuant to the Colorado Wage Order.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff on behalf of herself and all other similarly situated Collective Action Members and Class Members, respectfully requests that this Court grant the following relief:

a. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and/or (3) on behalf of Class Members and appointing Plaintiff and her counsel to represent the Class;

b. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA collective class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the Colorado Wage Order;

d. An injunction requiring Defendant to cease its unlawful practices under, and comply with, the Colorado Wage Order;

e. An award of unpaid wages for all hours worked as well as overtime compensation due under the FLSA and the Colorado Wage Order;

f. An award of liquidated and/or punitive damages as a result of the Defendant's willful failure to pay for all hours worked as well as overtime compensation pursuant to 29 U.S.C. § 216;

g. An award of damages representing the employer's share of FICA, FUTA, state

      unemployment insurance, and any other required employment taxes;

h.  An award of prejudgment and post-judgment interest;

i.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

j.  Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which she and all members of the proposed representative actions have a right to jury trial.

Respectfully submitted this 10th day of February, 2016.

        LEWIS | KUHN | SWAN PC
        *(Signed Original on File at Lewis Kuhn Swan PC)*


        */s/ Michael D. Kuhn*
        Paul F. Lewis
        Michael D. Kuhn
        Andrew E. Swan
        620 North Tejon Street, Suite 101
        Colorado Springs, CO 80903
        Telephone:  (719) 694-3000
        Facsimile:  (866) 515-8628
        Email:  plewis@lewiskuhnswan.com
                mkuhn@lewiskuhnswan.com
                aswan@lewiskuhnswan.com

        Rowdy B. Meeks
        ROWDY MEEKS LEGAL GROUP LLC
        10601 Mission Road, Suite 100
        Leawood, Kansas 66206
        Telephone:  (913) 766-5585
        Facsimile:  (816) 875-5069
        Email:  rowdy.meeks@rmlegalgroup.com

        *Attorneys for Plaintiff*